Catron, Ch. J.
delivered the opinion of the court.
1. The court is of opinion, that the act of 1829, ch. 54, never contemplated that any part of the revenue should go into the hands of the common school trustees. The object was to vest in them lands that might be forfeited to the state for non-payment of the taxes. In this respect the act makes a new provision; previous to its passage, if there were no individual bidders, the state took no title.
2. The motion was made in the name of the trustee; whereas it is insisted, it ought to have been made in the name of the chairman of the county court. By *317 the act of 1803, ch. 18, the trustee was the proper person to make the motion; hut the act of 1827, ch. 49, has changed it. By the second section, the collector of the county taxes is to give bond and security payable to the chairman of the county court and his successors, in double the amount of the taxes due, conditioned for the collection and payment to the trustee of the county, of all taxes by him collected. This bond (section 3,) is to be made part of the record, as is the tax list by virtue of which the collection is made. On or before the first court in the succeeding year, the collector is to pay the county taxes into the hands of the trustee; and by the 5th section, if he fail or refuse to pay within the time limited by the act, it is the duty of the trustee to furnish a copy of the record, and such information as is in his power and possession; and at the second court in the year, the attorney general for the district, shall move for judgment against the collector and his securities; and thereupon the court shall enter up judgment in the name of the chairman of the county court, for the taxes in his hands, and execution shall issue against the sheriff or collector and his securities. The proceeding is of course grounded on the bond; for by the force of this alone, the sureties are responsible; the bond being in the name of the chairman, and no authority for him to assign, the proceeding must be in his name. The third, fourth, and concluding section of the act of 1827, repeal all laws coming within its purview; of course the act of 1803, in this respegft. The judgment must be reversed, and the plain-tiffin error go hence, &c.
Judgment reversed.